UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY E. CALLINS,

Petitioner,

v.

Criminal Case Number 04-20009
Civil Case Number 14-14781
Honorable David M. Lawson

UNITED STATES OF AMERICA,

Respondent.

______________________________________ /

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE, MOTION TO APPOINT COUNSEL, AND MOTION FOR AN EVIDENTIARY HEARING**

Petitioner Terry E. Callins pleaded guilty on August 9, 2004 to possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii). He was sentenced as a career offender to a term of imprisonment of 262 months. He did not appeal his conviction or sentence. Nearly nine years after the judgment became final, the petitioner has filed the present motion under 28 U.S.C. § 2255 to vacate his sentence, together with a motion to appoint counsel and for an evidentiary hearing. The petitioner is not entitled to counsel and one need not be appointed, and no hearing is necessary because the petitioner's motion is untimely. The petitioner is not entitled to relief under section 2255; therefore, his motion will be denied.

I.

On February 18, 2004, Terry E. Callins was indicted for possession with the intent to distribute five grams or more of crack cocaine and possession with the intent to distribute cocaine. He pleaded guilty under a Rule 11 plea agreement to possession with the intent to distribute five grams or more of crack cocaine. He was sentenced on November 10, 2004. Callins did not file a direct appeal.

Callins filed a motion to reduce his sentence on April 21, 2008 seeking the benefit of Guideline Amendment 706, which could apply retroactively in some cases. However, because Callins was sentenced as a career offender, he was not eligible for relief. *See United States v. Williams*, 607 F.3d 1123, 1125-26 (6th Cir. 2010).

On December 15, 2014, the petitioner filed the present motion to vacate his sentence under 28 U.S.C. § 2255 and a motion to appoint counsel. He filed a motion for an evidentiary hearing on December 17, 2014. In his motion, he alleges that a "new" opinion from the Supreme Court requires the Court to revisit his career offender status; his sentence violated the Sixth Amendment because it was based in part on judge-found facts instead of jury findings; he received ineffective assistance of counsel; and he should receive the benefit of Guideline Amendment 782, which applies retroactively. The Court has not directed the government to respond, because the petition is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 has a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The petitioner filed his motion well beyond the one-year deadline following the finality of his conviction. A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 14 days after it is entered, that is, when the time for filing a direct appeal expires. Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004). The petitioner was sentenced on November 10, 2004. He did not file a direct appeal. His conviction became final on November 24, 2004. He did not file the present motion until December 15, 2014. Therefore, unless one of the other provisions in the limitations section of the statute applies, the petitioner's motion must be dismissed.

The petitioner does not suggest that the government created an impediment to filing, or that new facts have come to light. He does argue, however, that a Supreme Court case decided after his sentence date may provide him with some relief. However, he still faces two problems with that argument: he did not file this motion within one year of the decision, and the decision has not been made retroactive.

The petitioner argues that he no longer qualifies as a "career offender" because the Supreme Court announced a new rule in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), addressing how a court should determine whether a defendant qualifies as a "career offender" for sentencing purposes. In *Carachuri-Rosendo*, the Court held that courts must look at the defendant's actual conviction, rather than the offense for which the defendant could have been convicted, for purposes

of determining whether the offense is an aggravated felony under the Immigration and Nationality Act. However, the Supreme Court decided *Carachuri-Rosendo* in 2010, and the present motion was not filed until 2014, well beyond the one-year time limit. 28 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

Moreover, the Supreme Court has not made that decision retroactive. The principles governing whether a new right is retroactive to cases on collateral review are well settled. As a general matter, "well-established legal rules — old rules — are applicable on collateral review, while new rules generally are not." *United States v. Powell*, 691 F.3d 554, 558 (4th Cir. 2012) (citing *Whorton v. Bockting*, 549 U.S. 406, 416 (2007)). However, courts may apply new substantive rules retroactively. *Id.* at 558. "'A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes.'" *Ibid.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). "[A] rule is procedural if it merely regulates '*the manner of determining* the defendant's culpability.'" *Ibid.* (quoting *Schriro*, 542 U.S. at 353). Procedural rules generally do not apply retroactively. *Ibid.*

The Supreme Court did not hold in *Carachuri-Rosendo* that it was announcing a new rule or that its holding was retroactive to cases pending on collateral review. The Sixth Circuit has not addressed the issue. However, the Fourth Circuit in *Powell* held that *Carachuri-Rosendo* articulated a procedural rule rather than a substantive rule. The court of appeals reasoned that *Carachuri-Rosendo* did not alter the range of conduct or the class of persons that could be punished under any criminal statute; the decision changed the manner of determining whether a defendant's prior conviction qualifies as an aggravated felony. Therefore, the court of appeals held that *Carachuri* is a procedural rule and does not apply retroactively to cases on collateral review. Several district

courts in this Circuit have adopted this reasoning. *See, e.g.*, *Hueso v. Sepanek*, No. 13-19, 2013 WL 4017117, at *6 (E.D. Ky. 2013) (stating that "[c]ourts have . . . held that the decision in *Carachrui-Rosendo* is not retroactively applicable to cases on collateral review.") (collecting cases); *Story v. United States*, No. 2:02-CR-22, 2012 WL 2128007, at *2-3 (E.D. Tenn. June 12, 2012) (concluding that "the Supreme Court did not find the rule in *Carachuri-Rosendo* to be new or hold that it applies retroactively to cases on collateral review."); *Thomas v. Holland*, No. 10-00098, 2011 WL 2446373, at *5 (E.D. Ky. June 15, 2011) (declaring that the "Court is . . . unwilling to apply [*Carachuri-Rosendo*] retroactively to a case on collateral review without further guidance from the Supreme Court."). This Court adopts that reasoning as well. The petitioner's reliance on the 2010 decision in *Carachuri-Rosendo v. Holder* will not rescue his petition from untimeliness.

The petitioner also argues that his sentencing enhancement as a career offender violated the rule announced in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), decided June 17, 2013. In *Alleyne*, the Court held that "[f]acts that increase the mandatory minimum sentence are . . . elements [of an offense] and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. The petitioner believes that a jury was required to determine whether he was subject to a sentencing enhancement as a career offender based on his prior convictions.

This argument runs headlong into the same problems. The Supreme Court did not state in *Alleyne* that the decision is retroactive. Moreover, the Sixth Circuit recently held that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). Even if *Alleyne* were retroactive, the petitioner waited nearly eighteen months after the decision to file his petition. And, following *Alleyne*, "[i]t is still well-settled that the existence of prior convictions and their effect on a defendant's sentence are matters to be determined by the

district court." *United States v. Lashinsky*, No. 13-7313, 2015 WL 161279, at *4 (E.D. Ky. Jan. 13, 2015) (citing *United States v. Cleaves*, 299 F.3d 564, 569 (6th Cir. 2002)). The petitioner's argument is both time-barred and meritless.

The petitioner also contends that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. USSG § 2D1.1(d). Unfortunately for the defendant, he faces the same problem he encountered earlier when he moved to reduce his sentence under Amendment 706: his original sentence was based on the Career Offender guidelines, not the Drug Quantity Table.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). A sentence is "based on" a guideline sentencing range when "that range serves as the basis or foundation for the term of imprisonment." *Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring). In this case, the petitioner's sentencing guideline range was not calculated by reference to the Drug Quantity Table, even though his offense was the distribution of crack cocaine. Instead, because of his career offender status, his guidelines were "based on" the Chapter Four enhancement prescribing the career offender provisions, USSG § 4B1.1, which were not modified by Amendment 782. Therefore, Callins is not entitled to relief on

this ground. *See United States v. Thompson*, 714 F.3d 946, 950 (6th Cir. 2013) (citing *United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009)).

Last, the petitioner is not entitled to equitable tolling. A court must consider five factors in determining whether equitable tolling is appropriate in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The petitioner has presented no evidence of a lack of constructive knowledge of the filing requirement and has not shown that he was reasonable in remaining ignorant of the legal requirement for filing his claim. The statute of limitations thus forecloses review of his claims.

The petitioner contends that he is entitled to a hearing on his claims. The Court disagrees. As the Sixth Circuit explained, no hearing is required when "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)); *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (holding that "evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."); *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013). Moreover, "when the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Blanton*, 94 F.3d at 235 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)). There is no need to hold a hearing to determine that the statute of limitations forecloses review of the petitioner's claims.

III.

The Court finds that the motion was filed after the period of limitation, and the petitioner is not entitled to equitable tolling.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt #38] is **DISMISSED**.

It is further **ORDERED** that the petitioner's motions to appoint counsel and for an evidentiary hearing [dkt. #40, 41] are **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 7, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 7, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI